AO 91,(Rev. 5/85) Criminal Complaint            AUSA Diana Acosta

# United States District Court

**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

v.

**RALPH L. POOLE, Jr.**
(White Male, DOB: 05-23-1957)
(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 05-94-FJL

FILED by _____ D.C.
NOV 30 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about <u>November 15, 2005</u>, in <u>St. Lucie</u> County, in the <u>Southern</u> District of <u>Florida</u>, the defendant,

> did use the internet to knowingly persuade, induce, or entice anyone under the age of 18 to engage in any sexual activity

in violation of Title <u>18</u>, United States Code, Section <u>2422(b)</u>.

I further state that I am a <u>Special Agent, Immigration and Customs Enforcement</u> and that this complaint is based on the following facts:

**PLEASE SEE ATTACHED AFFIDAVIT.**

Continued on the attached and made a part hereof:     __X__ YES  ____ NO

_____
Signature of Complainant
CHRISTOPHER S. HARVEY
Senior Special Agent
Immigration and Customs Enforcement

Sworn to before me, and subscribed in my presence,

November 30, 2005                    at    Fort Pierce, Florida
Date                                        City and State

FRANK J. LYNCH, Jr.
UNITED STATES MAGISTRATE JUDGE              _____
Name and Title of Judicial Officer          Signature of Judicial Officer

# AFFIDAVIT
# OF
# CHRISTOPHER S. HARVEY
# SENIOR SPECIAL AGENT
# DEPARTMENT OF HOMELAND SECURITY
# BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT

I, Christopher S. Harvey, after being duly sworn, depose and state:

1. I am a Senior Special Agent (SSA) with the Department of Homeland Security, Immigration and Customs Enforcement (ICE), having been so since March 2003. Prior to that, I was employed by the U.S. Customs Service as both a Special Agent and a Marine Enforcement since 1998, and prior to that, as a deputy sheriff since 1996. I have been assigned to the investigation of cases involving the sexual exploitation of children. These investigations have included the utilization of surveillance techniques, undercover activities, the interviewing of subjects and witnesses, and the planning and execution of search, arrest, and seizure warrants. I have received training on the aforementioned investigations at the Federal Law Enforcement Training Center in Glynco, Georgia.

2. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 United States Code. That is, I am an officer of the United States, who is empowered by law to conduct investigations of and make

arrests for, offenses enumerated in Title 18, United States Code, Sections 2422, et seq.

3. I have participated in investigations involving pedophiles, preferential child molesters, and persons who collect and/or distribute child pornography, along with the importation and distribution of materials relating to the sexual exploitation of children. I have received training in the area of child pornography and child exploitation through the U.S. Customs Academy. I have observed and reviewed examples, and assisted in several child pornography and child exploitation investigations, which has involved reviewing examples in all forms of media including computer media, and have discussed and reviewed these materials with other law enforcement officers.

4. The term "Chat Room" is when users of a specific Internet Service Provider (ISP) communicate with others who have a common interest in a designated area of the ISP. The term "instant message (IM) or private messaging" is when two users can communicate privately in text without other users observing this communication. Spelling errors, grammar errors, and abbreviated words are common among users of Internet chat rooms.

5. I am conducting an investigation involving the sexual exploitation of children and related activities of the individual named herein, RALPH L. POOLE, Jr. Many of the facts pertaining to

2

this case have been relayed to me by St. Lucie County, Florida, Sheriff's Detective (Det.) Neil Spector. I have personally participated in the investigation of the offenses referred to herein, and because of my personal participation in this investigation and reports made to me by members of the participating law enforcement agencies, I am familiar with the facts and circumstances of this investigation. Although familiar with the facts and circumstances of this investigation, I have not included each and every fact known to me about the matters set forth herein, but only those facts and circumstances that I believe support a criminal complaint against RALPH POOLE, Jr., for violations of 18 U.S.C. § 2422(b) [Use of a facility, a computer, in interstate or foreign commerce, to persuade, induce, or entice an individual under the age of 18 to engage in sexual intercourse].

6. On November 15, 2005, in St. Lucie County, Florida, Det. Spector was working in an undercover capacity portraying a 14 year old female while logged onto an American Online (AOL) chat room. It should be noted that the servers for AOL are located in the state of Virginia, and that AOL has indicated that all communications conducted using AOL pass through these servers.

7. On November 15, 2005, at 3:39 PM, Det. Spector received an IM from the suspect screen name RP5927. The suspect (POOLE) said he was in Melbourne and was 47 years old. Det. Spector

indicated to POOLE his undercover persona was 14 years old and lived in Port St. Lucie, to which POOLE replied, "yes I know." POOLE asked Det. Spector for a picture of his undercover persona. Det. Spector sent POOLE an image of a female deputy sheriff when she was 14 years old.

8. POOLE asked Det. Spector's undercover persona if he wanted to meet, to which Det. Spector said yes. POOLE asked Det. Spector's persona if he could see other pictures. Det. Spector indicated he didn't have any other images and didn't have a digital camera. POOLE wrote he had a digital camera and he could take pictures of her.

9. During the communication, POOLE asked "so what do u want to do can I come an kidnap ya and tie u up on top of the car hehe." POOLE went on to state, "with u being 14 I don't want to get in trouble" and, "who knows maybe you're a cop." POOLE also asked "the child" if she had a cellular phone. POOLE suggested meeting at the Rave Theater in St. Lucie West and stated that his name was Randy. The text communication then began to take on a sexual tone. POOLE asked "the child" to wear a skirt when the two met. POOLE communicated about what they were going to do when they met.

10. POOLE asked, "so if I tell u what to do u will" and stated, "then when you get in the car take your panties off and let me caress u from head to toe."

11. Det. Spector's undercover persona told POOLE that he didn't want go get pregnant, POOLE responded "I wont cum inside." Det. Spector asked POOLE about condoms, and POOLE wrote "well I don't like rubber but I usually don't cum inside and pull it out."

12. POOLE wrote he would arrive around 7:30 PM and would be in a white Ford Taurus. POOLE said he would walk up to Det. Spector's persona outside the movie theater and that he would bring "the child" a stuffed animal as a gift.

13. At 7:45 PM, members of the St. Lucie County Sheriff's Office, Criminal Investigations Division, observed POOLE (who matched the image that was emailed to Spector) pull into the parking lot of the Rave Theater. POOLE drove in front of the movie theater and was looking around; he then parked his vehicle and exited. POOLE first stood outside his vehicle and watched the numerous people in front area of the movie theater. POOLE began to approach the front of the theater; then turned away and started walking back towards his car. POOLE was then taken into custody by Det. Spector. POOLE identified himself as RALPH POOLE, and stated "I was just going to meet her."

14. In plain view within the vehicle, POOLE had a stuffed animal in the back seat and an enlarged image of Spector's undercover persona. An inventory was conducted; and, seized from the vehicle was a digital camera and lubricant.

15. POOLE provided a post-*Miranda* statement, in which he admitted communicating with a child over the Internet. POOLE admitted he traveled from Melbourne, Florida to Port St. Lucie to meet with whom he believed to be a 14 year old girl. POOLE indicated he traveled to Port St. Lucie to cancel his meeting with the child.

Further, your affiant sayeth naught.

CHRISTOPHER S. HARVEY
Senior Special Agent
Immigration and Customs
Enforcement

Sworn and subscribed to before me this 30th day of November 2005.

FRANK J. LYNCH, Jr.
United States Magistrate Judge

6